**In re MERRILL LYNCH & CO., INC. Research Reports Securities Litigation**

Nos. 02 MDL 1484(MP), 03 CV 2927(MP).

United States District Court,
S.D. New York.

Nov. 17, 2003.

Kaplan Fox & Kilsheimer LLP, by Frederic S. Fox, Laurence D. King, Donald R. Hall, of counsel, New York City, Plaintiffs' Liaison Counsel.

Rabin, Murray & Frank LLP, by Brian P. Murray, Jacqueline Sailer, Eric J. Belfi, Gregory Linkh, New York City, Lead Counsel for All Aboard—The Training Junction Class Co–Chairs of Plaintiffs' Executive Committee.

Shapiro Haber & Urmy LLP, by Edward F. Haber, Theodore M. Hess–Mahan, of counsel, Boston, MA, Co–Chairs of Plaintiffs' Executive Committee.

Skadden, Arps, Slate, Meager & Flom LLP, by Jay B. Kasner, Edward J. Yodowitz, Scott D. Musoff, Joanne Gaboriault, New York City, for Defendants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated.

Foley & Lardner by Douglas M. Hagerman, Mark H. Carnow, James D. Ossyra, Samuel J. Winer, Washington, D.C., for Defendant Henry Blodget.

### DECISION AND ORDER

POLLACK, Senior District Judge.

Defendants Merrill Lynch & Co., Inc. and its wholly-owned subsidiary Merrill Lynch, Pierce, Fenner & Smith Inc. move to dismiss the First Amended Class Action Complaint ("the Amended Complaint") for, *inter alia*, (1) failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and (2) failure to plead fraud with particularity, as required by the Private Securities Litigation Reform Act of 1995 ("Reform Act") (15 U.S.C. § 78u–4(b)) and Rule 9(b) of the Federal Rules of Civil Procedure. Individual defendant Henry Blodget joins the motion.[1]

On July 17, 2003, defendants moved to dismiss the above captioned action as part of a "phased" approach to administering the volumes of complaints filed against them.[2] After briefing by the parties, oral argument on the motion was held on October 17, 2003. On October 22, 2003, while the defendants' motion to dismiss was still pending, plaintiff amended its complaint as a matter of course pursuant to Fed.R.Civ.P. 15(a). The Amended Complaint alleges facts not included in the original pleading but discussed in plaintiff's opposition brief to defendants' motion to dismiss and at oral argument. Defendants filed

---

1. "Defendants" is used collectively to refer to the corporate and individual defendants together throughout this opinion.

2. Originally, the phase denominated Phase 1 by the parties consisted of 12 cases. *See* Notice of Motion of Defendants, dated July 17, 2003. The plaintiffs in the Rhythms Net Connections action, 02 CV 6913, did not oppose the defendants'

motion to dismiss and were dismissed accordingly. *See Order Dismissing Rhythms Net Connections,* dated October 7, 2003. Nine of the remaining actions were dismissed in two Orders of this Court on October 29, 2003. The action in Focus Twenty Fund, 02 CV 10221, will be treated separately because plaintiffs will file pursuant to Order of the Court, an amended complaint.

a motion to dismiss the Amended Complaint on November 12, 2003. The parties have agreed that no further briefing is required on this motion because the new issues raised in the Amended Complaint have been more than sufficiently addressed in the previous papers and proceedings referenced above.

Plaintiff's Amended Complaint fails to remedy any of the deficiencies of its original Complaint. The allegations that plaintiff has added in the Amended Complaint are nearly identical to those that this Court deemed futile in rejecting motions for leave to amend made by other plaintiffs.[3] Thus, for the same reasons stated in this Court's prior decisions, the Amended Complaint here fails to state a claim principally because (1) there are no claims that the alleged misrepresentations or omissions proximately caused the losses claimed; additionally, (2) the Amended Complaint is barred by the relevant statute of limitations; and (3) the Amended Complaint fails to plead any facts giving rise to a strong inference of scienter. *See In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* —— F.Supp.2d ——, 2003 WL 22451064 (S.D.N.Y. Oct. 29, 2003); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* —— F.Supp.2d ——, 2003 WL 22451060 (S.D.N.Y. Oct. 29, 2003); *In re Merrill Lynch & Co., Inc.,* 273 F.Supp.2d 351 (S.D.N.Y.2003); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* 272 F.Supp.2d 243 (S.D.N.Y.2003). Reference is made to the above decisions for an explanation of the law governing plaintiff's claims in this action and for a detailed recitation of the general background of facts to this case. These reasons alone are adequate to merit dismissal of the Amended Complaint with prejudice.

Moreover, plaintiff has failed in its Amended Complaint to cure the myriad pleading defects of its original Complaint. Thus, the Amended Complaint also merits and is dismissed with prejudice because it fails to meet

the essential pleading requirements of Fed. R.Civ.P. 9(b) and the Reform Act.

So Ordered.

---

**3.** Plaintiffs in 24/7, Interliant, iVillage, Looksmart and Quokka Sports moved to amend their complaints to add nearly identical allegations as those included in the instant Amended Complaint. Each of those motions was denied as futile. Plaintiffs here had yet to amend their complaint and, as such, were permitted by Fed. R.Civ.P. 15(a) to amend their complaint as a matter of course, without the necessity of obtaining leave of the Court.